**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **RICARDO CORTEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-15-CV-346-KC** |
| | § | |
| **BRAD DRAKE CONSTRUCTION, LLC and WAL-MART STORES TEXAS, LLC,** | § § § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

On this day, the Court considered Defendant Brad Drake Construction, LLC's ("Brad Drake LLC") First Amended Motion to Dismiss and/or to Transfer Venue ("Amended Motion to Dismiss and/or Transfer"), ECF No. 5. For the reasons set forth herein, the Amended Motion to Dismiss and/or Transfer is **GRANTED** in part.

## I. BACKGROUND

The following background information is derived from Plaintiff's Original Petition and Request for Disclosure ("Complaint"), *see* Brad Drake LLC's Notice of Removal Ex. A, ECF No. 1-1, and the undisputed facts as found in the parties' pleadings in support of and opposition to transfer of venue.

On October 8, 2015, Plaintiff, a resident of El Paso, Texas, filed suit in state court against Brad Drake LLC and Wal-Mart Stores Texas, LLC ("Wal-Mart"), alleging racial discrimination and retaliation in the workplace in violation of 42 U.S.C. § 1981. *See* Compl. ¶¶ 2, 29-30. Brad Drake LLC removed the case from state court to this Court on November 20, 2015. *See* Brad Drake LLC's Notice of Removal, ECF No. 1.

Plaintiff asserts that Brad Drake LLC hired him in El Paso, Texas. Pl.'s Resp. to Def. Brad Drake LLC's First Am. Mot. to Dismiss and/or Transfer Venue ("Response") 4, ECF No. 7. Plaintiff alleges that various discriminatory acts occurred during his employment in Big Spring, Texas, *see* Compl. ¶¶ 9-16, and San Antonio, Texas, *see id*. ¶¶ 17-28. Plaintiff alleges that between December 30, 2014, and February 2, 2015, he worked in Big Spring, Texas, where (1) his supervisor made racially discriminatory comments to him; (2) Brad Drake LLC received a complaint from Plaintiff about the supervisor; and (3) the supervisor informed Plaintiff that he would be assigned to a job site in San Antonio. *See id*. ¶¶ 11-16. Plaintiff further alleges that he worked at the San Antonio job site between February 5, 2015, and February 20, 2015, where: (1) his hours were drastically reduced; (2) Brad Drake LLC deducted the time taken for lunch from his and other Hispanic employees' pay but not from the pay of white employees; (3) Plaintiff questioned his new supervisor about the pay discrepancy; (4) a Wal-Mart Job Site Inspector directed a racial epithet at Plaintiff; (5) Plaintiff made as least one complaint to his new supervisor; and (6) Brad Drake LLC terminated Plaintiff. *See id*. ¶¶ 17-28.

Brad Drake LLC's "principal place of business, from which most decisions related to Plaintiff's employment were made, is located in Paris, Texas." Am. Mot. to Dismiss and/or Transfer 4-5. In addition, most of Brad Drake LLC's witnesses to the alleged events are located in San Antonio, Texas. *Id*.

## II. DISCUSSION

In its Amended Motion to Dismiss and/or Transfer, Brad Drake LLC asks the Court to dismiss Plaintiff's case under Rule 12(b)(3) for improper venue, or in the alternative, to transfer the case to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1404(a). *See id*. at 3-5. Brad Drake LLC also asks the Court to dismiss Plaintiff's claims under Rule 12(b)(6) for failure to state a claim. *Id*. at 5-8.

**A. Standard**

A district court may order a change of venue and transfer any civil action to another district or division where the action might have originally been brought if doing so would be convenient for the parties and witnesses, and in the interest of justice. 28 U.S.C. § 1404(a). In determining whether to transfer a case pursuant to § 1404(a), a district court must make two determinations. First, the court must decide whether the district to which a transfer is sought would have been proper in the first instance. *In re Volkswagen of Am., Inc. (Volkswagen II)*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc); *In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004). Second, the court must determine whether the transfer would be convenient for the parties and witnesses. *Volkswagen I*, 371 F.3d at 203. The moving party bears the burden of demonstrating why the court should transfer the case. *Admiral Ins. Co. v. H & W Indus. Servs., Inc.*, No. EP-10-CV-273-KC, 2010 WL 3909274, at *2 (W.D. Tex. Sept. 30, 2010) (citing *Dupre v. Spanier Marine Corp*., 810 F. Supp. 823, 825 (S.D. Tex. 1993)).

**B. Analysis**

Brad Drake LLC argues that the Court should transfer venue to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1404(a) because most of Brad Drake LLC's witnesses are located in San Antonio. Am. Mot. to Dismiss and/or Transfer 4. Further, Brad Drake LLC argues for transfer because Brad Drake LLC's "principal place of business, from which most decisions related to Plaintiff's employment were made, is located in Paris, Texas, which is much closer to San Antonio than to El Paso." *Id*. at 4-5.

In deciding whether to transfer, the Court must first determine whether venue in the San Antonio Division would have been proper in the first instance. *See Volkswagen II*, 545 F.3d at 312. Under 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). In determining

where a substantial part of the events or omissions occurred, courts look "to the defendant's conduct, and where that conduct took place." *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000). The parties do not contest that venue is proper in the San Antonio Division. *See* Am. Mot. to Dismiss and/or Transfer Venue 3-5; Resp. 5. Indeed, Plaintiff admits that "a considerable amount of the events giving rise to [his] claims occurred in San Antonio, Texas and, therefore, venue is also proper in the . . . San Antonio Division." Resp. 5. While Plaintiff asserts that one action took place in El Paso, Texas—Brad Drake LLC's decision to hire Plaintiff—it is undisputed that the alleged discriminatory acts occurred in Big Spring, Texas, and San Antonio, Texas. *See id*. at 4; Compl. ¶¶ 10-28. Accordingly, because the San Antonio Division would have been a proper venue in the first instance, the first prong of the § 1404(a) analysis for determining whether to transfer the case is satisfied. *See* 28 U.S.C. § 1404(a); *Volkswagen II*, 545 F.3d at 312; *Volkswagen I*, 371 F.3d at 203.

Next, the Court must determine whether a change of venue would be convenient for the parties and witnesses, and in the interest of justice. 28 U.S.C. § 1404(a). Courts define "convenience" by reference to both private and public interest factors. *Volkswagen II*, 545 F.3d at 315. Private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. (quoting *Volkswagen I*, 371 F.3d at 203). Public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. (alteration in original) (quoting *Volkswagen I*, 371 F.3d at 203). None of these factors are dispositive. *See Coleman v. Trican Well Serv., L.P.*, 89 F. Supp. 3d 876, 880 (W.D. Tex. 2015)

(citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)). Within this framework, a plaintiff's choice of forum is highly esteemed and may only be overcome when the private and public factors clearly point towards hearing the case in the alternative forum. *Vasquez v. Bridgestone/Firestone, Inc*., 325 F.3d 665, 672 (5th Cir. 2003); *Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987).

With respect to the private interest factors, Brad Drake LLC cites witness availability, convenience of the parties, and accessibility and location of elements of proof as reasons supporting transfer of the case to the San Antonio Division. *See* Am. Mot. to Dismiss and/or Transfer 5. Indeed, Plaintiff does not dispute that most of Brad Drake LLC's witnesses to the allegedly discriminatory events are located in San Antonio, or that Brad Drake LLC's "principal place of business, from which most decisions related to Plaintiff's employment were made, is located in Paris, Texas."[1] *Id*. at 4-5; *see* Resp. 3-5. As explained above, Plaintiff concedes that "a considerable amount of events giving rise to [his] claims occurred in San Antonio," and that venue is proper in the San Antonio Division. Resp. 5. In fact, only one action—Brad Drake LLC's decision to hire Plaintiff—took place in El Paso, while all of the allegedly discriminatory events took place in Big Spring or San Antonio. *See id*. at 4; Compl. ¶¶ 10-28. Thus, most of the witnesses to the discriminatory events, as well as other forms of proof, appear to be located in Big Spring, San Antonio, and Paris, and not in El Paso. *See* Compl. ¶¶ 10-28; Am. Mot. to Dismiss and/or Transfer 4-5; Resp. 3-5. As the parties do not address, or provide specific facts relevant to, the final private factor—"the availability of compulsory process to secure the attendance of witnesses"—the Court does not weigh this factor in its decision regarding whether to transfer the case. *See Volkswagen II*,

[1] The Court takes judicial notice that the distance between Paris, Texas, and San Antonio, Texas, is less than the distance between Paris, Texas, and El Paso, Texas. *See Munson S.S. Lines v. Newman*, 24 F.2d 416, 417 (5th Cir. 1928) (taking judicial notice of distance between two cities); *Reservoir, Inc. v. Truesdell*, 1 F. Supp. 3d 598, 610 n.15 (S.D. Tex. 2014) (taking judicial notice of geographic distance); *United States v. Cardona*, 524 F. Supp. 45, 47 (W.D. Tex. 1981) (same).

545 F.3d at 315. Accordingly, three private factors—the "relative ease of access to sources of proof," "the cost of attendance for willing witnesses," and other practical considerations that may make "trial of a case easy, expeditious and inexpensive"—all weigh in favor of transferring the case to the San Antonio Division. *See id*.

The parties do not address any of the public interest factors; however, the Court concludes that at least one of these factors weighs in favor of transfer. The first factor—the relative congestion of the courts—"is considered the 'most speculative' factor," and the Court does not place any weight on this consideration. *Clayton Williams Energy, Inc. v. Pace Energy Solutions, Inc.*, CV No. 7:15-cv-43-DAE, 2015 WL 2384600, at *5 (W.D. Tex. May 19, 2015) (quoting *In re Genentech*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (applying 5th Circuit law)).

The second factor—the "local interest in having localized interests decided at home"—weighs slightly in favor of transfer to San Antonio, because all of the events giving rise to the alleged discrimination took place in either San Antonio or Big Spring. *See* Compl. ¶¶ 9-28. Although Plaintiff is a resident of El Paso, *see* Compl. ¶ 2, and Brad Drake LLC hired Plaintiff in El Paso, *see* Resp. 4, none of the allegedly discriminatory acts occurred in El Paso. Thus, the second public interest factor weighs in favor of transfer to the San Antonio Division because of the stronger "local interest in having localized interests decided at home." *See Volkswagen I*, 371 F.3d at 206 (concluding that localized interest factor weighed "heavily in favor of the Western District of Texas" as opposed to the Eastern District, where plaintiffs and third-party defendants resided in the Western District, the accident occurred in the Western District, and "the entirety of the witnesses for the third-party complaint [could] be located" in the Western District).

With respect to the third public interest factor, "the familiarity of the forum with the law that will govern the case," *Volkswagen II*, 545 F.3d at 315, the Court concludes that the El Paso Division and the San Antonio division are equally capable of applying the relevant law. Accordingly, the

third public factor bears no weight in the Court's calculus. Finally, the Court concludes the fourth factor— avoiding "unnecessary problems of conflict of laws" or of applying foreign law—is neutral in determining whether to transfer the case to the San Antonio Division, *see id.*; indeed, the parties have presented no facts that indicate that either venue would avoid unnecessary problems of conflict of laws or of foreign law.

Accordingly, while the public interest factors weigh marginally in favor of transfer, three of the private interest factors—witness availability, convenience of the parties, and accessibility and location of elements of proof—weigh strongly in favor of transfer. Because the factors, in sum, demonstrate that transfer to the San Antonio Division would be convenient for the parties and witnesses, and in the interest of justice, the second prong of the § 1404(a) analysis is satisfied, and clearly point towards hearing the case in San Antonio. *See* 28 U.S.C. § 1404(a); *Volkswagen I*, 371 F.3d at 203; *Vasquez*, 325 F.3d at 672.

Because the action might have originally been brought in the San Antonio Division, and venue in the San Antonio Division is more convenient for the parties and witnesses, and in the interest of justice, transfer of venue to the San Antonio Division is warranted. *See* 28 U.S.C. § 1404(a); *Volkswagen II*, 545 F.3d at 315 ("When the movant demonstrates that the transferee venue is clearly more convenient, . . . it has shown good cause and the district court should therefore grant the transfer."). As the Court concludes that transfer of venue to the San Antonio Division is clearly more convenient, it need not resolve whether dismissal is warranted under Rule 12(b)(3). Likewise, the Court concludes that the transferee court is the appropriate court to decide whether dismissal is warranted under Rule 12(b)(6). *See, e.g., Mexico Foods, LLC v. Mi Rancho Meat Market*, Civil Action No. 3:14-CV-2760-D, 2015 WL 891666, at *1 n.2 (N.D. Tex. Mar. 3, 2015); *Busch v. Robertson*, Civil Action No. 3:05-CV-2043-L, 2006 WL 1222031, at *7 (N.D. Tex. May 5, 2006).

## III. CONCLUSION

For the reasons set forth above, Brad Drake LLC's Amended Motion to Dismiss and/or Transfer, ECF No. 5, is **GRANTED** in part, to the extent it seeks transfer of this case to the United States District Court for the Western District of Texas, San Antonio Division.

**IT IS FURTHER ORDERED** that the case **SHALL** be **TRANSFERRED** to the United States District Court for the Western District of Texas, San Antonio Division.

**SO ORDERED.**

**SIGNED this 4th day of April, 2016.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE